IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Lamar Smoak, Jr., | ) | Civil Action No. 6:14-2445-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sergeant Donnie Rich, Sergeant Kenneth Lloyd, | ) | |
| and Kyle Arens | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Edward Lamar Smoak, Jr., ("Plaintiff"), an inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling.

On July 8, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 78), recommending that this Court grant Defendants' Motion for Summary Judgment. (ECF No. 44). Objections to the Report were due July 27, 2015. (ECF No. 78). Plaintiff submitted a timely Objection, (ECF No. 80), to which Defendants replied. (ECF No. 82). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including the Magistrate Judge's Report, Plaintiff's Objection and Defendants' Reply. Although the Court finds the Report to be thorough and reasoned in its analysis, in a very close determination, the Court elects not to accept the Magistrate Judge's ultimate recommendations with respect to Defendants' Motion for Summary Judgment. (ECF No. 44). *See* ECF No. 78 at p. 11 and p. 12 ("The undersigned finds that the plaintiff has failed to show that the defendants exhibited deliberate indifference to a specific, known risk of harm"); ("[T]he plaintiff's allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the undersigned finds the defendants are entitled to qualified immunity"). Upon its own *de novo* examination of the record before it, viewing all of the allegations and evidence in the light most favorable to the non-moving Plaintiff and resolving any and all factual disputes in Plaintiff's favor, the Court is constrained to conclude that it cannot find as a matter of law either that no substantial risk of serious harm existed to Plaintiff or that Defendants were unaware of such a risk. In arriving at this determination, the Court parsed very closely the chronology of events as set out by Plaintiff in paragraphs 8 through 40 of his Complaint, *see* ECF No. 1 at pp. 3-9, and noted, in particular, the following circumstances as alleged by Plaintiff: (1) the repeated nature of Plaintiff's pleas to be removed from the cell; Plaintiff sought the guards' attention and intervention on approximately five separate occasions during a relatively short time period; (2) the fact that the first of these requests for intervention came only a very short

time after Inmate Clark was paired with Plaintiff and continued largely unabated up to the eventual physical confrontation between the inmates; (3) the fact that the last of these requests was paired with the arguably "desperate" act of kicking in a cell window, which resulted in shattered glass being left for at least a period of time on the floor of the inmates' cell; (4) the fact that at times during these requests for intervention Plaintiff expressly stated that he feared for his life; (5) the fact that during one of these occasions Inmate Clark spoke the words "What do I got to do to get him out of here? Kill this motherfucker?"; and (6) the fact that each of these requests for intervention were met with by words and actions by Defendants that at least arguably suggest a casual disregard for Plaintiff's safety. *See Young v. Selk*, 508 F.3d 868, 873-75 (8th Cir. 2007) (declining to grant summary judgment for defendants where inmate-plaintiff's repeated, "urgent" pleas to be separated from newly assigned cell-mate whom he feared were not adequately heeded by defendant-prison staff members); *Haley v. Gross*, 86 F.3d 630, 642 (7th Cir. 1996) (concluding that jury could have reasonably found that prison superintendent was deliberately indifferent to the risk of harm posed by inmate-plaintiff's cell-mate, where prior to being assaulted inmate-plaintiff spoke to the superintendent "no less than four and perhaps as many as seven times" about the problems that he was having with his cell-mate and his desire that the two be separated).

In view of all of the foregoing, in what is again a very close determination, the Court concludes that Plaintiff's case should survive summary judgment and on that basis declines to accept the Magistrate Judge's recommendations governing the disposition of Defendants' Motion for Summary Judgment. Accordingly, Defendants' Motion for Summary Judgment, (ECF No. 44), is **DENIED**.

In light of this Court's determination that the case will continue forward, the Magistrate

Judge is hereby directed to: (1) appoint counsel to represent Plaintiff pursuant to the District Court process relating to payment of costs and fees; (2) enter a scheduling order, which shall include a period of additional discovery, during which time Plaintiff's counsel will be afforded an opportunity to address and raise more fully any discovery-related concerns, such as those raised by Plaintiff in his Response in Opposition to Summary Judgment or "Motion for 56(d)" (ECF No. 75); and (3) seek to obtain written consent from all parties that all further proceedings in this matter, including trial, shall be conducted before the Magistrate Judge.

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>United States District Judge

August 19, 2015
Columbia, South Carolina